IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **LEROY HENDERSON, JR., 27007-177,** ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 3:07-CV-624-M |
| ) | ECF |
| **WARDEN DAVID BERKEBILE,** ) | |
| Respondent. ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an Order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

**FINDINGS AND CONCLUSIONS**

**I. Factual Background**

Petitioner is a federal prisoner incarcerated in the Federal Correctional Institute (FCI) in Seagoville, Texas. Petitioner filed this petition as a "Writ Quo Warranto to the Bench" in the Fort Worth Division of the Northern District of Texas. The Court construed the petition as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 and transferred the case to this Court.

Petitioner argues that the Bureau of Prisons (BOP) has failed to credit him for all of the

**Findings, Conclusions, and Recommendation
of the United States Magistrate Judge**      Page 1

time he has served on his federal sentence. He also argues his federal sentence and a state sentence should run concurrently.

Petitioner previously filed a § 2241 petition raising the same claims that he raises in his current petition. *See Henderson v. Joslin*, 3:06-CV-797-P (N.D. Tex., Dallas Div.). That petition was denied on the merits on January 22, 2007. The current petition, therefore, constitutes a second or successive petition.[1]

Under 28 U.S.C. § 2244(a), this Court lacks jurisdiction to consider a successive petition unless the Fifth Circuit Court of Appeals grants petitioner authorization to file such a petition. *See* 28 U.S.C. § 2244(3)(A); *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir. 1999); *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000). Although the express limitation on successive attempts at collateral relief under the current version of 2244(a) does not literally apply to 28 U.S.C. § 2241 habeas petitions, the Fifth Circuit has held that the version of 28 U.S.C. § 2244(a) in effect prior to the enactment of the AEDPA bars successive petitions under § 2241 that are based on the same claim. *See United States v. Tubwell*, 37 F.3d 175, 177-78 (5th Cir. 1994). Accordingly, the Fifth Circuit has further held that the present version of 28 U.S.C. §2244(a), which is very similar to the pre-AEDPA version, applies to successive 2241 cases. *Ortloff v. Fleming*, 88 Fed. Appx. 715, *716 (5th Cir. 2004).

In this case, the Fifth Circuit has not issued an order authorizing this Court to consider the successive motion. Petitioner must obtain such an order before another petition for habeas

---

[1] In general, "a later petition is successive when it: 1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ." *Crone v. Cockrell*, 324 F.3d 833, 836-37 (5th Cir. 2003); *accord United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000).

**Findings, Conclusions, and Recommendation
of the United States Magistrate Judge**   Page 2

relief under § 2241 is filed.

**RECOMMENDATION**

For the foregoing reasons, the undersigned Magistrate Judge hereby recommends that the instant petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 be TRANSFERRED to the United States Court of Appeals for the Fifth Circuit pursuant to *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

Signed this 18th day of April, 2007.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**<u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>**

The United States District Clerk shall serve a true copy of these findings, conclusions and recommendation on Plaintiff.  Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court.  *See Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge              Page 4**